## W. G. McKinley v. The State.

### No. 2940.   Decided November 2, 1904.

#### 1.—Local Option—Evidence—Bill of Exceptions—Too General.

Objections that testimony is immaterial and irrelevant are too general to be considered, unless the same would be immaterial and irrelevant for any purpose, and evidence that defendant who was charged with violating the local option law, had three packages of whisky in the Express office, would not be irrelevant and immaterial for any purpose.

#### 2.—Charge of the Court—Applicable to Facts.

A charge of the court that all persons are principals who are guilty of acting together in the commission of an offense, and that if the jury believed from the evidence beyond a reasonable doubt that one M., on or about the time alleged in the information, had whisky consigned to him in the express office C. O. D., and that the defendant acted together with said M. in getting P. to assist in paying out said whisky, and that upon payment therefor by said P., then he would be guilty, was correct and applicable to the facts on a prosecution for violating the local option law.

Appeal from the County Court of Hopkins.   Tried below before Hon. R. B. Keasler.

Appeal from a conviction for violation of the local option law; penalty, a fine of $25 and twenty days imprisonment in the county jail.

Columbus Lindley testified for the State that on the morning of the 26th day of January, 1904, Paris Prim, Will Mathews, Frank Moreland and the defendant and myself were all standing on the Brinker Corner. Prim wanted some whisky and asked me, if I had some, I told him I did not, although I then had a pint in my pocket.   Will Mathews suggested that Moreland had a box in the express office with $3.85 charges on it.   Prim said he had the money to pay out a box, if any one would let him have it.   He pulled out $3.65 and asked me, if I had twenty cents.   I looked and only had five cents; the defendant then said, he had the fifteen cents; and started to hand it to Prim, who would not receive it.   Moreland refused to take the money and then the defendant said, "By God, give it to me, damned if I am afraid to take it."   I gave him five cents and Prim gave him $3.65.   We all started to the express office, when Moreland said, if we all had to go along, he would not have anything to do with it.   Some one then said that we would all meet around behind the negro barber shop and get the whisky.   Prim and I stepped into Brinker's store and waited a few minutes, and the defendant and Moreland went off together.   *   *   *   Pretty soon, we went to the rear end of the barber shop and found the defendant and Moreland with a box of whisky.   It was Crigler & Crigler's from Kentucky and contained four quart bottles.   The defendant opened the box, and we all took a drink, and Prim then took the whisky and we left.   I do not know whose whisky it was.   The name on the box was scratched off.

It was also in evidence that defendant and Moreland had each received packages of whisky from the express agent about that time.

No brief for either party.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This is a conviction for violating the local option law, the penalty fixed at a fine of $25 and twenty days in jail.

Bill number 1 shows that, over appellant's objections, the State introduced the following testimony: That defendant McKinley had three packages of whisky in the office of the Pacific Express Company, at Sulphur Springs, on January 24, 1904. Appellant's objection being that the same was immaterial, irrelevant and prejudicial to the rights of defendant. Objections that testimony is immaterial and irrelevant are too general to be considered by this court, unless the same would be immaterial and irrelevant for any purpose, which cannot be said to be true in this instance. Nor do we see in what way it was prejudicial to the rights of defendant. The fact that defendant had whisky in the express office, although it may have been the day before or the day after the complaint charged the sale, would not render the testimony inadmissible, though under some circumstances might go to its weight. The proof in this case shows that appellant assisted Morlander in selling whisky to prosecuting witness; and that they secured it from the express office.

The next bill complains of the following portion of the court's charge: "All persons are principals who are guilty of acting together in the commission of an offense. If, therefore, the jury should believe from the evidence beyond a reasonable doubt that one Frank Morlander, on or about the time alleged in the bill of information, had whisky consigned to him in the express office C.O.D., and that the defendant acted together with said Frank Morlander in getting Paris Prim to assist in paying out said whisky, and while so acting received from Paris Prim money, in payment for said whisky, and that upon payment thereof by said Paris Prim, then he would be guilty and you should so find," etc. Appellant's exception to this charge is that, it is not warranted nor supported by the evidence, and would be prejudicial to the rights of defendant in said cause. We do not think these objections are well taken. The charge seems to be an apt presentation of the law applicable to the facts of this case. The charge of the court, considered as a whole, is a correct exposition of the law. Appellant's special charges in so far as applicable were covered by the main charge of the court, and there was no error in refusing them. No error appearing in the record, the judgment is affirmed.

*Affirmed.*