### J. C. MUNDINE v. THE STATE.

#### No. 3183. Decided May 16, 1906.

**1.—Burglary—Stenographers Report—Statement of Facts—Twenty Day Order—Statutes Construed.**

The Act of the Twenty-ninth Legislature, page 219, must be construed in connection with the Act of the Twenty-eighth Legislature, page 32, which latter act provides that parties may be granted an order for twenty days after the adjournment of the term to present and have approved and filed statement of facts and bill of exceptions. This latter act is not repealed by the Act of the Twenty-ninth Legislature and the stenographic report must be filed in the same way as the statement of facts as under the former law, that is, either during term time or within twenty days after the adjournment of the court, when a twenty day order has been obtained. If no twenty day order has been obtained the stenographic report of the evidence cannot be considered if filed after adjournment. Davidson, Presiding Judge, dissenting.

**2.—No Conflict or Repeal of Law.**

Under the provisions of the Act of the Twenty-ninth Legislature providing for stenographic reports, the matter of preparing and filing statement of facts was not taken away from the litigants, but instead of the litigant preparing the statement of facts from memory, it was provided that the stenographer reporting the case shall transcribe his notes, and this shall constitute the statement of facts. Neither does said act repeal articles 1379 and 1380, Revised Statutes, allowing either party to make up a statement of facts in the old way.

**3.—Same—Case Stated—Practice on Appeal.**

Where upon appeal from a conviction of burglary, the appellant made no showing to excuse his negligence for not filing statement of facts as under the old law, or stenographic report, as under the new law, and showed no excuse as article 1382, Revised Statutes, permitted him to do, and filed his stenographic report after the time provided by law, he was guilty of laches, and the same could not be considered on appeal.

**4.—Same—Matters for Review on Appeal.**

In the absence of a statement of facts, if the charge is applicable to any state of facts that might be made by testimony under the allegations of the indictment. on appeal it will be considered and assumed that the trial court submitted to the jury all the law applicable to the case; and only fundamental errors can be noticed in considering the record.

**5.—Same—Accomplice—Bill of Exceptions—Motion for New Trial.**

Where upon appeal from a conviction of burglary, the appellant raised the question of error of the court's charge with reference to an accomplice testimony, for the first time in the appellate court, and reserved neither a bill of exceptions nor raised the question in his motion for a new trial, the matter could not be reviewed.

**6.—Same—Misconduct of Jury—Bill of Exceptions.**

Where upon an appeal from a conviction of burglary, the bill of exceptions did not show but that the evidence on the trial disclosed that the appellant had assaulted a little negro, and that the latter was before the jury; the fact that one of the jurors in passing the little negro during their deliberations pointed him out as the person assaulted, there was no reversible error.

Appeal from the District Court of Lee. Tried below before the Hon. Ed R. Sinks.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Jno. T. Duncan, J. F. Wolters, Rector & Watson,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

·BROOKS, JUDGE.—Conviction of burglary, two years in the penitentiary being fixed as the punishment. The Assistant Attorney-General has filed an able brief in this case. In view of the fact that it discusses the only questions necessary to be passed upon we adopt said brief as the opinion of this court. Accordingly, no error appearing in the record, the judgment is affirmed.

Appellant was charged by indictment with the offense of burglary. He was convicted and his punishment assessed at two years confinement in the penitentiary. And his motion for new trial in the district court having been overruled he has appealed to this court.

The stenographer's report of the evidence, which is relied on as a statement of facts was filed subsequent to the adjournment of court. There is not any order in the record authorizing the statement of facts to be filed within twenty days after the adjournment of the court. The only order of this kind in the record authorizes the bills of exception to be filed within the twenty days, but does not so provide for filing the statement of facts.

The record being in this condition it becomes a question for consideration whether or not the statement of facts can be considered, and this involves a construction of the Act of the Twenty-Ninth Legislature, pages 219, 221. So much of said act as may be considered pertinent to the question here under consideration reads as follows:

"Sec. 3. It shall be the duty of the official stenographer to attend all sessions of the court, to take full stenographic notes of the oral evidence offered in every case tried in said court, together with all objections to the admissiblity of testimony, the rulings of the court thereon, and all exceptions taken to such rulings; to preserve all official notes taken in said court for future use or reference, and to furnish either party to the suit a transcript of all of said evidence or other proceedings, upon the payment to him of the compensation hereinafter provided.

"Sec. 4. When such transcript is made at the request of either party to the suit, said stenographer shall file a duplicate copy thereof among the papers of the case, and it shall be made the duty of the court, if the transcript be found to be correct, to approve the same; provided, however, before approving the same it shall be submitted to the interested parties for any objections thereto, and such objections, if found to be material and well founded, shall be allowed. If said transcript is thus approved and signed by the judge, the same shall be filed among the papers of said cause, and become a record therein, but not to be recorded.

"Sec. 5. In case an appeal is taken from the judgment rendered in said case, said original stenographer's transcript shall be sent up as the record of said cause as the report of the testimony therein, the cost of such transcript paid by either party to be taxed against the party losing on such appeal," etc.

This act must be construed in connection with an Act of the Twenty-Eighth Legislature, page 32, which provides in effect that parties may be granted an order for twenty days after the adjournment of the term to present and have approved and filed statement of facts and bills of exception. This latter act is not repealed by the Act of the Twenty-Ninth Legislature. The latter act does not contain any repealing clause. Neither is it in conflict with any of its provisions with the Act of the Twenty-Eighth Legislature as to filing statement of facts. Both may be given full and unrestricted effect without any clash between any of the provisions of either act. Both may be put into full operation and effect and both stand unaltered in any of their enactments.

If it should be contended that the Act of the Twenty-Ninth Legislature takes the preparation and filing of statement of facts out of the hands of the parties to the litigation and places them with the stenographer and trial judge, it would still not be in conflict with the Act of the Twenty-Eighth Legislature allowing the statement of facts to be filed within twenty days after adjournment, upon the request therefor by the parties. That act would still stand in full force, and even if it should be contended that the parties under the new act have no voice in the preparation of the statement of facts, still there would yet remain authority in the Act of the Twenty-Eighth Legislature to request an order to have the statement of facts filed within twenty days.

It is evident and plain from the provisions of the Act of the Twenty-

Ninth Legislature quoted, that the matter of preparing and filing statement of facts was not taken away from the litigants, but instead of the litigants preparing from memory a statement of facts, it is provided that the stenographer reporting the case shall transcribe his notes, and this shall constitute the statement of facts, provided that "it shall be submitted to the interested parties for any objections thereto, and such objections if found to be material and well founded, shall be allowed," and "provided that in any case where such stenographic transcript is not made, this act shall not apply." From these provisions quoted, it is apparent that the making and filing of a statement of facts is not taken from the litigant and lodged with the stenographer, and that the litigant has the same voice in what it shall contain as he had prior to its enactment,—in each instance the final arbiter of its correctness being the trial judge. The only difference between the old and the new way of preparing, having approved and filing the statement of facts is, that the litigant is now provided a material and beneficial aid by the use of a stenographer in the preparation of the statement of facts.

Neither does the act repeal articles 1379 and 1380, Revised Statutes, allowing either party to make up a statement of facts in the old way, to be agreed upon by the parties, and approved by the court; for the Act of the Twenty-Ninth Legislature, especially provides, in section 5, "Provided, that in any case where such stenographic transcript is not made, this act shall not apply." "Stenographic transcript" being evidently understood to mean the stenographer's notes transcribed, and not the notes; not every case where a stenographer takes notes of the trial. For it is provided in section 4 that such transcript shall only be "made at the request of either party to the suit." The evident legislative intent and the plain meaning of said act, is, to provide an additional· method for preparing statements of fact, and not to repeal articles 1379 and 1380, Revised Statutes. Suppose a litigant should not desire to incur the expense of paying a stenographer to transcribe the trial notes, and should refuse to do so, would it be contended that the Act of the Twenty-Ninth Legislature requires and compels him to do so, or to forfeit his right of appeal? Clearly not so, but the new act is merely an additional method provided.

By article 1382, Revised Statutes, it is provided that whenever a statement of facts shall have been filed after the time provided by law, and the party tendering or filing same shall show to the satisfaction of the court, that he has used due diligence to obtain the approval and signature of the judge thereto, and to file the same within the time provided by law, and that his failure to file the same within said time is not due to the fault or laches of said party or his attorney, and that such failure was the result of causes beyond his control, the court shall permit said statement of facts to remain as a part of the record, and shall consider same. This article of the statute furnishes the only excuses for not filing within term time, when no order is made grant-

ing twenty days after adjournment to file same, or subsequent to the twenty days when it is granted; and in this case appellant has made no showing of any kind to excuse his negligence, and it is clear that there is at least one act of diligence, one thing within his power that he has omitted, which he could have done; that is, he could have requested and secured an order of twenty days after adjournment to file statement, and in not so doing he was guilty of laches, and failed to exercise due diligence. The following authorities sustain the contention, that a statement of facts filed out of term time cannot be considered on appeal where there is no order of court allowing it to be so filed. Williams v. State, 35 Texas Crim. Rep., 391; Irby v. State, 34 Texas Crim. Rep., 283; Blackshire v. State, 33 Texas Crim. Rep., 160; Yungman v. State, 35 Texas Crim. Rep., 80.

In support of the position that, where the appellant is guilty of laches and the failure to file statement in time is due to his own fault and lack of diligence, the court will not consider same on appeal, the following authorities are in point: Childers v. State, 36 Texas Crim. Rep., 128; George v. State, 25 Texas Crim. Rep., 229; Spencer v. State, 25 Texas Crim. Rep., 585; Farris v. State, 26 Texas Crim. Rep., 105; Baldwin v. State, 39 Texas Crim. Rep., 245.

In the absence of a statement of facts, if the charge is applicable to any state of facts that might be made by testimony under the allegations of the indictment, on appeal it will be considered and assumed that the trial court submitted to the jury all the law applicable to the case. Wright v. State, 37 Texas Crim. Rep., 146; Yawn v. State, 37 Texas Crim. Rep., 205.

And in the absence of a statement of facts, this court is restricted in considering the record to fundamental errors. Johnson v. State, 29 Texas Crim. App., 210; Lynn v. State, 28 Texas Crim. App., 515.

And there being no fundamental error found in this record, the judgment should be affirmed.

*Affirmed.*

### ON REHEARING.

#### November 14, 1906.

BROOKS, JUDGE.—The judgment herein was affirmed at Austin, and is before us now on rehearing. Appellant insists that there is reversible error in the court's charge with reference to the accomplices Richard Collins and Charlie Sanders. This question is raised for the first time in this court. No exception was reserved thereto in the motion for new trial or by bill of exceptions, and consequently cannot be reviewed.

The misconduct of the jury is also relied upon. The bill of exceptions presenting this matter does not show but that the evidence on the trial disclosed that Mundine had assaulted the little negro, and such little negro was before the jury. Therefore, the fact that one of the jurors in passing the negro during their deliberations, pointed

him out as the negro upon whom appellant made the assault, is not reversible error. The bill does not show that the trial court erred in overruling the motion for new trial on this account.

No error being manifested requiring a reversal, the motion for rehearing is overruled.

*Overruled.*

DAVIDSON, PRESIDING JUDGE (dissenting).—I most respectfully dissent from the opinion of my brethren, wherein they have made it incumbent on parties in criminal cases to use the diligence under the Act of the Twenty-Ninth Legislature which is required under the act of 1887, in regard to securing statement of facts after the adjournment of the term of court. Under the act of 1887 where a statement of facts was desired to be made up after the adjournment of the court, an order to that effect was necessary to be entered upon the minutes of the court. The Act of the Twenty-Eighth Legislature changed this and only requires that such order may be entered upon the docket of the court. Under those acts it was incumbent on the appellant in a criminal case to use all diligence possible to have his statement of facts made up within the time granted, and any want of diligence on his part in regard to this matter would be taken most strongly against him. In default of coming within time, if the showing was not sufficient that he used the utmost diligence to secure such statement of facts his case would be disposed of on appeal without considering the evidence. The Act of the Twenty-Ninth Legislature, p. 219, provides for a stenographic report of the evidence taken on the trial, upon the conditions and terms stated in the act. It is then "provided that in all criminal cases where the defendant is convicted of a felony and desires to appeal upon satisfactory showing to the court that he is unable to pay for the stenographer's transcript, that the judge of the court, if the said defendant is convicted, shall order the official stenographer to make the same for the defendant, in which event the same shall be paid for at the rate provided for in this act, and in the same manner as the transcript of the clerk of the court is paid for." This is a portion of section 5. Section 4 provides, that when the transcript is made at the request of either party, the stenographer shall file a duplicate copy among the papers, and it is made the duty of the court, if the transcript be found correct, to approve it; provided, however, before approving it, they shall be submitted to the interested parties for any objection they may urge, and if such objections are found material or well founded, they shall be allowed, and when approved and signed by the judge it shall be filed among the papers and become a record of the case. It is also provided in section 5, that in any case where such stenographer's statement is not made, this act shall not apply—that is, the Act of the Twenty-Ninth Legislature.

It occurs to me that the differences between the Act of the Twenty-Ninth Legislature and the old law are patent, and change the responsi-

bility of the parties in regard to diligence in securing the statement of facts. By the express terms of the prior law, and even now where the Act of the Twenty-Ninth Legislature is not resorted to, it is incumbent upon appellant in a criminal case to use extraordinary diligence, and in fact it may be said that since the George case, 25 Texas Crim. App., 229, appellant must exhaust all diligence in order to have his statement of facts filed within the time allowed after the adjournment of the court, and if there are any laches on his part by reason of which the statement of facts was not filed within the time, he loses that part of his record on appeal. Under the Act of the Twenty-Ninth Legislature, the situation is changed. Neither appellant nor his counsel are required to make out a statement of facts; in fact, it relieves him from responsibility, and requires it at the hands of the stenographer, who is an official, under the control of the court. The stenographer is in no sense under the control of the attorneys in the case, and cannot be by the terms of that act. The responsibility has been taken from the appellant under the Act of the Twenty-Ninth Legislature, and placed upon the court, and the stenographer, or rather the stenographer, under the direction of the court. The only diligence required of appellant under that act is to simply make the showing required by the statute in order to obtain the order for the stenographer's transcript. When that has been done it becomes the duty of the court to see that the stenographer's record is filed. The only other connection therewith on the part of appellant or his counsel is, that they can make suggestions or criticisms of the stenographer's report when called upon by the court to do so, under the provisions of section 4 of said act; if in fact that section applies to a criminal case. It certainly is a harsh rule to hold appellant responsible for the statement of facts where the law takes away from him responsibility for making it, and places that duty upon another not under but beyond his control. It is not in accordance with my ideas of justice and right that appellant shall be held responsible for failing to do a thing that is required of another and over whom he has no control; in fact, who is excluded from his control. The responsibility of a party appealing for the record ought not to go further than his authority in making that record. If the stenographer had been by the terms of the law placed under his control and domination, there would have been some justice or equity in holding him responsible for the act of the stenographer, or his failure to comply with the terms of the law, but certainly not, when the law takes away from him all authority to control the stenographer. His responsibility ought not to go beyond the law. It is certainly a harsh rule to require him to have a statement of facts filed within twenty days, when the obligation rests upon another to make such statement, and the law omits from its provisions such twenty days. In my judgment the old law and this law, while in some sense not conflicting, yet they stand in such relation to each other that when the provisions of one is invoked the other does not apply. It leaves the opportunity to

the appealing party to take his option or choice between the laws, and when that has been exercised his statement of facts is made up under the law which he invokes. The terms of the law, in my judgment, manifest that this view is correct. If a party seeks to make up a statement of facts in the narrative form under the old law, then all of the responsibility is upon the appellant to have his statement of facts filed in accordance with the terms of the old law; but where the statement of facts is made up under the Act of the Twenty-Ninth Legislature, then appellant is not required to do more than to ask and have an order entered that the stenographer's report of the evidence be certified. It would be an impossibility in all cases or nearly all, that the party appealing could make up a stenographic statement of facts, for the reason that he could not decipher the notes of the stenographer, and if they were turned over to him, they would be beyond his power and control to understand. In any event he had no jurisdiction over the stenographer and could not compel the making up of the statement of facts. This power is in the hands of the court, and must be done through his order and direction and at the hands of the stenographer. There is no other way provided under that law, and appellant's diligence ceases on having the proper order entered on the minutes of the court for a stenographer's statement of facts. The time in which that is made out does not enter into the Act of the Twenty-Ninth Legislature.

For these reasons I dissent from the opinion of my brethren, and I believe the statement of facts in this case should be considered by the court and the appeal disposed of in accordance with the evidence therein.