### G. J. SLATTER v. THE STATE.

No. 970. Decided February 15, 1911.

Rehearing Denied May 3, 1911.

**1.—Attempting to Pass Forged Instrument—Statement of Facts—Original.**

In felony cases the statement of facts must be prepared in duplicate and the original sent up with the transcript to the Appellate Court; but where it was shown that the appellant was not at fault, the case will be considered on its merits.

**2.—Same—Presumption—Charge of Court.**

In the absence of a statement of facts, where the indictment is sufficient, it will be assumed that the law was properly submitted by the court.

**3.—Same—Evidence—Practice on Appeal—Bills of Exception.**

In order to revise the action of the trial court in modifying, changing or contradicting the defendant's bill of exceptions, the defendant should have objected to such modification, etc., at the time and reserved a bill of exceptions.

**4.—Same—Indictment—Instrument in Haec Verba.**

Where, upon trial of attempting to pass a forged instrument, the indictment alleged the fraudulent making and set out the instrument in haec verba, the same was sufficient.

**5.—Same—Evidence—Proof of Instrument—Destruction of Instrument.**

Upon trial of passing a forged instrument, where it was shown that the note, to which it was alleged signatures had been forged, had been destroyed, and only certain parts thereof containing the signatures were preserved, there was no error to introduce in connection with these parts a blank note in the same form of the alleged forged note.

**6.—Same—Bills of Exception—Practice on Appeal.**

Where there are no bills of exception in the record with reference to rejected testimony, the same cannot be considered.

**7.—Same—Charge of Court.**

Where the charge of the court was applicable to the facts with reference to the attempted passage of a forged instrument, there was no reversible error.

Appeal from the District Court of Rains. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of attempting to pass a forged instrument; penalty, two years imprisonment in the penitentiary.

The State's testimony showed that the defendant called upon the chief State's witness at the latter's bank to borrow some money; that the witness made out a note and handed it to the defendant to get sureties thereon; that defendant returned in a few days presenting said note signed by two parties as sureties; that prosecuting witness did not like the signature, and defendant said that one of the sureties, naming him, was sitting on his horse at the time he signed the note; that prosecutor told defendant that he could not take the note in the condition it was in, when defendant asked him to return it to him and that he would make out a new one; that prosecutor kept the note and handed the defendant another blank which defendant took but never returned; that after defendant had left, prosecutor tore up the note, but immediately picked up the piece that contained defendant's and the sureties' names, and which he identified on the trial, in connection with the printed blank form; that both of the alleged sureties testified that they had not signed the note or authorized anyone to sign the same.

*A. R. Cornelius,* for appellant.—On question of insufficiency of indictment: Thomas v. State, 18 Texas Crim. App., 213; Smith v. State, id., 399; Edgerton v. State, 70 S. W. Rep., 90.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted in the District Court of Rains County for attempting to pass a forged instrument; upon a trial he was adjudged guilty, and his punishment assessed at two

years confinement in the State penitentiary, from which judgment he prosecutes this appeal.

1. The Assistant Attorney-General has filed a motion to strike out the statement of facts, which is copied in the record. Sections 5 and 6 of chapter 39 of the Act of the Thirty-first Legislature provide that in felony cases the statement of facts shall be prepared in duplicate, and that the original statement of facts shall be sent to this court on appeal. In a number of cases it has been held that this Act must be complied with, and the original statement of facts sent to this court, and this court will not and can not consider a statement of facts copied in the record. The motion is sustained and the statement of facts stricken out.

And in the absence of a statement of facts, if the charge is applicable to any state of facts that might be made by the testimony under the allegations of the indictment, on appeal it will be considered and assumed that the trial court submitted to the jury all the law applicable to the case. Mundine v. State, 50 Texas Crim. Rep., 93.

2. By bills of exception Nos. 1, 2, 3 and 4 appellant complains of the action of the court admitting certain testimony as to the amount of the note alleged to have been forged, and testimony describing said note. Also to fragments of a note introduced in evidence. The court qualifies the bills by stating that this testimony was admitted after witness Ivie had testified that he had destroyed a part of said note, and the pieces introduced in evidence were identified as a portion of the note alleged to have been forged. When a party accepts and files a bill of exceptions qualified by the court, he is bound by the qualification. In order to have revised on appeal the action of the trial court in modifying, changing or contradicting a defendant's bill of exception, the defendant must have objected to such action at the time, and have reserved a bill of exceptions to such alteration of his original bill. A failure to do so is tantamount to an acceptance of the bill, and estops defendant from further complaint in the matter. Blain v. State, 34 Texas Crim. Rep., 448. If the note had been destroyed, secondary evidence would be admissible.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### May 3, 1911.

HARPER, JUDGE.—At a former day of this term the judgment herein was affirmed, as at that time we did not consider the statement of facts. A motion for a rehearing has been filed, wherein, under the certificate of the clerk of the District Court and other evidence, we are constrained to believe that the case should be considered on its merits, and we will do so.

1.  Appellant earnestly insists that the indictment should be quashed on the ground that the indictment does not pretend to set out the alleged false instrument in writing, and gives no reason for not doing so.   The indictment alleges: "did fraudulently make a certain false instrument in writing, purporting to be the act of another, which said false instrument is in substance;" and then sets out the instrument in haec verba.   This, in our opinion, is a sufficient allegation, and the court did not err in refusing to quash the indictment.

2.  In bills of exception Nos. 1, 2, 3 and 4 defendant complains that the State was permitted to prove by oral testimony the amount and contents of the note alleged to be forged, and introduce a blank note as the form of the note to which it was alleged signatures were forged.   By the qualifications of the trial judge to these bills, it is shown that the note to which it is alleged signatures had been forged had been destroyed, and only certain parts thereof, containing the signatures, preserved.   In the light of the testimony, and the qualifications of the court, we do not think the court erred in permitting this testimony to be adduced on the trial.

3.  These are all the bills of exception in the record, except Nos. 5 and 6, the first of which set out the motion for new trial, and the latter the motion in arrest of judgment.   The motion in arrest of judgment was based solely on the insufficiency of the indictment, and on this we have already ruled.

4.  The grounds in the motion based on the evidence, insofar as presented in bills of exception Nos. 1, 2, 3 and 4, have been passed on herein, and on any other grounds, there being no bills, we can not consider same.

5.  The special charges requested by defendant were given, and he complains in his motion for a new trial of the court's charge "(1) that the attempt to pass the forged instrument must be done with intent to injure or defraud; (2) because (it is alleged) the jury is virtually told that defendant is guilty of attempting to pass a forged instrument, regardless of whether or not there was any intent to injure or defraud."

All those whose names were signed to the note, other than defendant, testified they did not sign their names to it, and that their names had been forged.   Defendant told the bank that Johnson, whose name was signed to the note, had signed it while sitting on his horse.   He undertook to get money on the note at the bank, and we think the court correctly presented the law as applicable to the case.

The motion for rehearing is overruled.

*Overruled.*