## JOHN HARDGRAVES V. THE STATE.

### No. 974. Decided February 22, 1911.

**1.—Local Option—Statement of Facts—Original.**

Where, upon appeal from a conviction of a violation of the local option law, the original statement of facts was not sent up with the record but a copy thereof appeared in the transcript, the same must be struck out on motion of the State.

**2.—Same—Charge of Court—Argument of Counsel—Allusion to Defendant's Failure to Testify.**

Where upon trial of a violation of the local option law, it did not affirmatively appear from the record on appeal that the State's counsel made any reference to the defendant's failure to testify, there was no error in not submitting defendant's special instructions to withdraw State's counsel's argument.

**3.—Same—Evidence—Contemporaneous Transactions—Res Gestae.**

Where, upon trial of a violation of the local option law, the testimony objected to clearly showed a transaction that occurred at the same time and place of the one upon which the prosecution was based, and was so interwoven with the facts of the case that it was res gestae and served to establish the identity of the defendant, there was no error in admitting same; besides the defendant's bills of exception to this testimony were not properly verified by the court.

Appeal from the District Court of Grayson. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

PRENDERGAST, JUDGE.—The appellant was indicted for unlaw-

fully selling intoxicating liquors to Lee Dearton on July 20, 1910, was convicted and his penalty fixed at one year. confinement in the penitentiary.

The Assistant Attorney-General has filed a motion to strike out the purported statement of facts, because it is not in manner and form as provided by law. The record shows that there is copied in the transcript of the record what is stated to be a statement of facts. It is clearly a copy and not the original, if it is a statement of the facts.

It has repeatedly been decided by the Supreme Court that such papers copied in the transcript purporting to be a statement of the facts are unauthorized and are struck out upon motion for that purpose. This court has pointedly so held heretofore. See Misso v. State and Slatter v. State, decided February 15, 1910; see also Frenzell v. Lexington Land & Abstract Co., 126 S. W. Rep., 907, and Vickery v. Burks, 121 S. W. Rep., 177. The motion of the Assistant Attorney-General is, therefore, granted and the said purported statement of facts struck out.

The indictment is regular, drawn in accordance with the approved forms; the charge of the court submits the whole question to the jury in accordance with the allegations of the indictment and would justify the jury, as it did, in finding the appellant guilty. The judgment of the court based on the verdict of the jury adjudges appellant guilty and he is properly sentenced.

But there are three bills of exception necessary to be considered. The first is where the judge refused to give the following charge to the jury, requested by the appellant: "You are instructed not to consider county attorney's argument, B. F. Gafford, as follows: 'Cliff and John couldn't remember where he was on the 20th day of July; at least, they have offered no testimony.'" The judge refused this stating, "The court did not understand from argument of county attorney that he was making any reference to defendant's failure to testify." From this we conclude that what was quoted above in the requested charge, county attorney's argument had no reference to the appellant's failure, if he did, to testify. This charge, and no other fact shown by the record, shows that the appellant did not testify; neither is there anything in the record by which we can determine who Cliff and John are. Hence, there is no error shown by the refusal to give this charge.

The other two bills of exception will be discussed together as they present the same question. The first is as follows: "When one of the State's witnesses, George Ricketts, was on the stand (he not being the party to whom the defendant herein is charged to have sold intoxicating liquor), said witness was asked by the State (after witness had testified that defendant sold to Lee Dearton, prosecuting witness, intoxicating liquor), if at the same time defendant sold to witness intoxicating liquor? To which question and answer defendant

then and there objected, because the same was an independent and separate transaction; did not show any scheme, intent nor system; prejudicial to the rights of the defendant; and because the defendant had already been in said transaction detailed by the witness (convicted) and no new trial having been granted. Which objections were overruled by the court and the witness permitted to testify as follows: 'I got fifty cents worth of whisky from him (defendant) and Dearton got thirty-five cents worth. Both Dearton and I got the whisky from defendant there at the same time and place. I saw Dearton pay defendant thirty-five cents. It was intoxicating liquor we got; I drank some of it.' To which ruling of the court the defendant then and there excepted."

The other bill is as follows: "When prosecuting witness, Lee Dearton, was on the stand (after he had testified to a sale by defendant of intoxicating liquor to witness), witness was asked by the State the following question: If at the same time defendant sold to anyone else intoxicating liquor? To which question and answer defendant then and there objected. First, because same was an independent and separate transaction and offense; second, same did not show system, scheme nor identity; third, because defendant had already been convicted on the testimony sought to be drawn out, and no new trial had been granted. Which objection was overruled by the court and witness permitted to testify before the jury as follows: 'George Ricketts got a half pint and paid him fifty cents for it, and I got part of a half pint and paid him thirty-five cents for it. It was whisky we bought from him (defendant).' To which ruling of the court defendant then and there excepted."

This court has frequently held in prosecutions of this kind that where the State's evidence shows a straight sale, proof of other independent sales not connected with nor contemporaneous with the sale charged in the indictment, is inadmissible. This court has also repeatedly held that the State may show, in confirmance of the claim of the sale charged in the indictment which is denied by the defendant, that the defendant had contemporaneously with such sale a large amount of intoxicating liquors in his possession. Wagner v. State, 53 Texas Crim. Rep., 306; Starbeck v. State, 53 Texas Crim. Rep., 192; Williams v. State, 56 Texas Crim., 496; Fields v. State, 55 Texas Crim., 524; Myers v. State, 56 Texas Crim. Rep., 223; McKinley v. State, 82 S. W. Rep., 1042.

In the case of Ware v. State, 36 Texas Crim. Rep., 597, this court, through Judge Davidson, said: "We have heretofore held, and still hold, that it is permissible, when tending to establish identity, intent, or to develop the res gestae, to prove contemporaneous crimes; and this can be done, also, when the object is to show system in crime. . . . ." Also in the case of Kelley v. State, 31 Texas Crim. Rep., 216, this court held: " 'When an extraneous crime forms part of the res gestae, evidence of it is not excluded by the fact that it is ex-

traneous.' Whart. Crim. Ev., sec. 31. If the evidence tends to establish the res gestae, or to prove a relative or competent fact or circumstance connecting defendant with the property he is charged with stealing, or to make out his guilt by circumstances, it is competent for the State to adduce evidence of such extraneous crimes. House v. The State, 16 Texas Crim. App., 25; Kelley v. The State, 18 Texas Crim. App., 262; Musgrave v. The State, 28 Texas Crim. App., 57; Nixon v. The State, ante, p. 205; Whart. Crim. Ev., sec. 31."

In this case the evidence of these two witnesses objected to by the appellant was clearly a transaction that occurred at the same time and place with the appellant and the transactions are so interwoven as to clearly be admissible as res gestae and to establish identity of the defendant, and there was no error by the court in overruling the objections to this evidence and to its introduction before the jury.

It is too well established to need citation of authority to show that objections made by the appellant in bills of exception are not statements of a fact. The defendant's objection to the testimony of each of these witnesses, "because the defendant had already been convicted on the testimony sought to be drawn out and no new trial had been granted," is not taken by us as a statement of a fact. The record does not show any such thing, and hence we consider it a mere objection by the appellant and not a statement of a fact shown by the record. There being no reversible error in the case, the judgment is affirmed.

*Affirmed.*