## WILL LINER v. THE STATE.

### No. 2407. Decided April 16, 1913.

**1.—Wilfully Injuring Real Property—Evidence—Contradicting Own Witness—Ex Parte Statement.**

Upon trial of wilfully injuring real property where the State's witnesses refused to testify to what they had said before in an ex parte written statement made before the county attorney, it was reversible error to permit the State to prove by the constable what statements these witnesses had made before the county attorney as a basis upon which to found a verdict of guilty; especially, where the court did not limit this testimony to the credibility of the witnesses.

**2.—Same—Argument of Counsel.**

Where, upon trial of wilfully injuring real property, the county attorney was permitted, in his argument, to discuss other offenses outside of the evidence in the record, the same was reversible error.

Appeal from the County Court of Hopkins. Tried below before the Hon. Dan R. Junell.

Appeal from a conviction of wilfully injuring real property; penalty, a fine of $25.

The opinion states the case.

*D. Thornton,* for appellant.—On question of permitting witnesses to impeach State's witnesses on ex parte statement: Harris v. State, 1 Texas Crim. App., 74; Reeves v. State, 7 id., 276; Cook v. State, 76 S. W. Rep., 463; Bruce v. State, 51 S. W. Rep., 954.

On question of argument of counsel: Fuller v. State, 17 S. W. Rep., 1108; Hunnicutt v. State, 18 Texas Crim. App., 498; Pratt v. State, 53 Texas Crim. Rep., 381, 109 S. W. Rep., 138; McKinley v. State, 52 Texas Crim. Rep., 182, 106 S. W. Rep., 342; Wilson v. State, 49 Texas Crim. Rep., 50, 90 S. W. Rep., 312; Beason v. State, 67 S. W. Rep., 96.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of the offense of wilfully injuring real property—breaking the windows out of a schoolhouse,—and was fined $25.

The witnesses relied on mainly by the State to secure a conviction are Marion Liner and Lewis Teer. It appears that these two boys were carried before the county attorney and first denied any knowledge of the matter, but later stated that appellant and Orr and Leland Jones

had told them they committed the offense,—broke out the windows and cut the blackboard.

On the trial of the case the testimony of Marion Liner and Lewis Teer was not satisfactory to the county attorney, and he was permitted to ask them if they had not made a written statement, and prove by them the contents of such statement. If they were unwilling and unfriendly witnesses it was perhaps permissible to permit him to refresh their memory, but when it could not be thus refreshed, it was not permissible to prove by the constable what statements these boys had made to the county attorney as a basis upon which to found a verdict of guilty. If the State desired to prove contradictory statements made by these two boys to impeach them, of course, it would have been permissible, but this was not the object nor purpose of the State, for if their testimony was disbelieved, there would be no testimony to support a verdict of guilty. And certainly it would not be permissible to prove by the constable what Marion Liner and Lewis Teer had said on a former occasion as evidence against the appellant. He was not present when these statements were made to the county attorney; the hearing was ex parte and under no theory of law was it admissible as evidence that defendant was guilty of the offense, and the court erred in admitting it for that purpose.

After the court had admitted this testimony over the objection of the defendant the defendant then requested the court to instruct the jury: "The statements made by the witnesses Marion Liner and Louis Teer before Jno. T. Hyde, T. J. Flewharty and Charley Kennemur, in the county attorneys' office, shortly after the windows of the school house had been broken out, in the absence of the defendant, which statements were testified to by the witnesses Marion Liner and Louis Teer and the witness Charley Kennemur on the trial of this case and not admitted to be true by the witnesses Marion Liner and Louis Teer, is not competent evidence to be used by the State in its effort to establish the guilt of the defendant on the charge as made by the bill of information in this prosecution."

If the court was going to permit Constable Kennemur to testify what the boys said to the county attorney at the ex parte hearing, then certainly this charge should have been given.

It is also made to appear that during his closing argument the county attorney said: "A lot of boys that would disturb a poor innocent negro would do anything." As there was no evidence that this appellant had disturbed a poor, innocent negro, if one had been disturbed, this was improper. Again, it is shown he said: "It is coming to a pretty pass that the people in the community where this crime took place are afraid to have meetings at night on account of these boys, and I want you to give a verdict in this case to punish them for their nefarious conduct." It may be a matter within the knowledge of the county attorney that the people of the community were afraid to have meetings at night, yet there is no evidence in this record that

such a state of affairs exists. And if it did exist there is no evidence that this appellant was a party to the nefarious conduct. But the county attorney in his anxiety to secure a conviction went further and said: "I could tell you about gin belts being cut and pistols being carried down in the neighborhood of the trouble where these boys live and it would open your eyes."

This appellant was not on trial for cutting gin belts or carrying a pistol; there is no evidence in the record, outside of the speech of the county attorney, showing that such things had transpired, and if they had, that the appellant in this case had either cut any belts or carried a pistol. If he had been guilty of either of those offenses, and the county attorney knew enough to tell the jury about it in a way that would open their eyes, we would suggest he institute prosecutions against those guilty of such offenses.

It is hardly fair to one on trial for an offense to seek to hold him responsible for offenses of every nature and character that has taken place in the community in which he resides where there is no evidence in the record that he was a party to such other offense or offenses.

Reversed and remanded.

*Reversed and remanded.*