DOCK LYNCH v. THE STATE.

No. 4398. Decided March 21, 1917.

**1.—Aggravated Assault—Statement of Facts—Transcript.**

Where, upon appeal from a conviction in the County Court, the statement of facts was not copied in the transcript, the same can not be considered on appeal, and must be stricken out on motion of the State. Following Looper v. State, 62 Texas Crim. Rep., 96, and other cases.

**2.—Same—Argument of Counsel—Discussing Matters De Hors the Record.**

Where, upon trial of aggravated assault, counsel for the State traveled outside of the record and discussed matters before the jury which were not in evidence and which were material, and adverse to the defendant, the judgment must be reversed and the cause remanded. Following Marshall v. State, 76 Texas Crim. Rep., 386, and other cases.

Appeal from the County Court of Rusk. Tried below before the Hon. R. T. Brown.

Appeal from a conviction of aggravated assault; penalty, a fine of fifty dollars and thirty days confinement in the county jail.

The opinion states the case.

*R. T. Jones, T. J. Arnold,* and *J. Y. Gray,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was prosecuted under a complaint and information charging him with aggravated assault; he was convicted by the jury, and his punishment fixed at a fine of $50 and thirty days confinement in the county jail.

The statement of facts is not copied in the record, and the Assistant Attorney General has filed a motion to strike it out. Under the authority of Looper v. State, 62 Texas Crim. Rep., 96; Waggoner v. State, 63 Texas Crim. Rep., 180; Jenkins v. State, 64 Texas Crim. Rep., 86; Skinner v. State, 64 Texas Crim. Rep., 84, construing art. 821, C. C. P., the motion must be sustained.

In bill of exceptions No. 3 it is made to appear that one of the attorneys for the State, in his argument to the jury, used the following language: "Talk about this defendant not being guilty, and he denying that he came up here and offering to plead guilty if I would let him out for a simple assault, he denies this; but, gentlemen of the jury, I know what he did; I know the defendant is guilty; that the testimony of Mrs. Lynch, because the defendant came to me before this case came

to trial and told me that he would plead guilty if I would give him the lowest fine." That no witness testified to this and that the defendant while on the stand was asked if he had not offered to plead guilty and denied it. Exception was taken during the argument and overruled.

Bill of exceptions No. 4 shows that while one of the attorneys for the State was closing the argument the following proceedings occurred: "The attorney was making reference to the conduct of the defendant and stated, that while there was no proof before the jury about the way the defendant treated his wife down at Poole & Strong's sawmill, when his first child was born, he denied that he got drunk and came home and mistreated his wife and ran his mother-in-law off while she was there to wait on her daughter with child birth, he, the attorney, could tell the jury that it did happen and would tell—then defendant's counsel objected, interrupted the argument of said attorney, when said attorney said before the court and jury that he knew there was no evidence in and that it was not right to argue such, but he believed that he would take a shot at it anyway; defendant's counsel still objecting and asking the court to instruct the jury not to consider such remarks, the court did instruct the jury not to consider such remarks, and told the counsel making the argument to proceed with the argument and stay within the rules; then over objections he again said he was going to take a shot at it, and began to discuss matters that were not in evidence, saying, in substance, that defendant's wife and mother knew what happened there; that he had talked with her mother and knew what she said about it, and would believe them in preference to defendant; defendant objected then and there." Seasonable objections were made to this argument, and the matter is brought up by proper bill of exceptions. It appears from the record the prosecution was for an assault upon appellant's wife. A special charge was requested and refused, and exception reserved asking the court to withdraw from the jury the question propounded upon which the argument last referred to was based. The motion for new trial and appropriate assignments complain of the arguments mentioned.

It has been held by this court many times that unsworn statements of counsel for the State before the jury, on material facts adverse to a defendant which are not put in evidence during the trial, will require the judgment of conviction to be set aside. Marshall v. State, 76 Texas Crim. Rep., 386, 175 S. W. Rep., 154; Gusman v. State, 72 Texas Crim. Rep., 258, 171 S. W. Rep., 770; Harris v. State, 72 Texas Crim. Rep., 117, 161 S. W. Rep., 125; Bradley v. State, 72 Texas Crim. Rep., 287, 162 S. W. Rep., 515; Grimes v. State, 64 Texas Crim. Rep., 64; Johnson v. State, 66 Texas Crim. Rep., 586, 148 S. W. Rep., 328; Liner v. State, 70 Texas Crim. Rep., 75, 156 S. W. Rep., 211; Branch's Ann. P. C., sec. 364, and cases cited. Under these authorities we think the facts disclosed by the bills of exception mentioned require

the judgment of the lower court to be reversed and remanded, and it is so ordered.

*Reversed and remanded.*