Leon Powell, alias Leon Powers, v. The State.

No. 6112.   Decided March 9, 1921.

1.—Forgery—Notice of Appeal—Motion for New Trial—Transcript.

Where, upon appeal from a conviction of forgery, the transcript failed to show that the motion for new trial was overruled, or that notice of appeal was given, as required under the statute, the appeal must be dismissed. Following Parish v. State, 77 Texas Crim. Rep., 19, and other cases.

2.—Same—Statement of Facts—Transcript—Felony—Practice on Appeal.

The original statement of facts in a felony case must be sent to this court, and will not be considered if it is copied in the record, and where this appeared in the transcript the statement of facts will be stricken from the record.  Following Leggett v. State, 61 Texas Crim. Rep., 99, and other cases.

Appeal from the district Court of Nacogdoches.  Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary. .

The opinion states the case.

No brief on file for appellant.

*C. M. Cureton,* Attorney General, for the State.—Cited cases in opinion.

HAWKINS, Judge.—The appellant was convicted of forgery and his punishment assessed at two years in the penitentiary.

The Assistant Attorney General files a motion to have the appeal in this case dismissed for the reason that the transcript fails to show that the motion for new trial was overruled, and does not show that notice of appeal to the Court of Criminal Appeals was given. An examination of the transcript discloses that no order appears showing that the motion for new trial was ever acted on in any way by the trial court, and no notice of appeal to this court appears to have been given so far as the record in this case discloses. This court has held in many cases that notice of appeal is indispensably requisite to conferring jurisdiction upon this court to review a case. Parish v. State, 77 Texas. Crim. Rep., 19, 177 S. W. Rep., 93; Griffin v. State, 76 Texas Crim. Rep., 306, 174 S. W. Rep., 351; Modwell v. State, 74 Texas Crim. Rep., 35, 166 S. W. Rep., 504; Young v. State, 72 Texas Crim. Rep., 275, 161 S. W. Rep., 973; Love v. State, 90 S. W. Rep., 169; Lewis v. State, 29 S. W. Rep., 778.

The Assistant Attorney General further calls the attention of the court to the fact that the statement of facts is copied in the transcript and is not sent up in the manner now required by law. Under the holdings of this court under the present statute the original statement of facts in felony cases must be sent to this court, and will not be considered if it is copied in the record. Therefore, upon the motion of the Assistant Attorney General this statement of facts would be stricken from the record. LaGrone v. State, 61 Texas Crim. Rep., 170, 135 S. W. Rep., 121, Slater v. State, 61 Texas Crim. Rep., 243, 136 S. W. Rep., 770; Davis v. State, 61 Texas Crim. Rep., 301, 135 S. W. Rep., 129; Hargraves v. State, 61 Texas Crim. Rep., 325, 135 S. W. Rep., 132; Leggett v. State, 61 Texas Crim. Rep., 99, 136 S. W. Rep., 784.

For the reasons above stated the appeal in this case is dismissed.

*Dismissed.*