## C. W. PEASLEY v. THE STATE.

No. 9317.   Delivered November 15, 1925.

Rehearing denied Jan. 13, 1926.

### 1.—Possessing Intoxicating Liquor—Evidence—Properly Excluded.

Where on a trial for possessing intoxicating liquor appellant proved that he had been indicted in two other cases, there was no error in rejecting proof that he had been acquitted of these two offenses, both offenses having occurred subsequent to the case on trial. This state of facts is disclosed in the qualifications of his bill by the court, which he is bound by, if accepted by him.

### 2.—Same—Charge of Court—Held, Not Error.

Where the court refused to charge the jury that if the intoxicating liquor found in appellant's possession, had been in his possession for two years, to acquit him, no error is shown. The length of time that the accused had been in possession of the liquor is not material, such possession extending to the time of its discovery. The gist of the offense is having it in possession for the purpose of sale. This issue having been

correctly submitted to the jury, protected every right that appellant had
with respect to his purpose in having the whiskey in his possession.

### 3.—Same—Former Jeopardy—Properly Denied.

Where a plea of former jeopardy is interposed on a trial for posses-
sion of intoxicating liquor for the purpose of sale, and it is shown that
the former convictions were for the sale of intoxicating liquor, not involv-
ing the same liquor that he was being tried for possessing, the plea was
properly denied.

### 4.—Same—Bills of Exception—Qualification of—Practice on Appeal.

Where a bill of exception is qualified by the trial court, it is consid-
ered on appeal as qualified, and this court will not look to the statement
of facts to discover whether or not the court's qualifications are supported
by the facts. We are not required to consult the statement of facts to
verify the judge's statement. Following Burt v. State, 40 S. W. 1002; 38
Tex. Crim. Rep. 436.

### 5.—Same—Continued.

Mr. Branch states the rule correctly as follows: "If the bill of excep-
tion is modified or changed by the trial judge, and a revision of his action
in this regard is desired, the defendant should object to the charge, and
reserve his bill to the alteration of the bill as prepared by him." Citing
Blain v. State, 34 Tex. Crim. Rep. 450 and many other cases.

Appeal from the District Court of Orange County. Tried be-
low before the Hon. V. H. Stark, Judge.

Appeal from a conviction for possessing intoxicating liquor
for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Howth, Adams & Hart,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,*
Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the Dis-
trict Court of Orange County for the offense of possessing
liquor, and his punishment assessed at confinement in the
penitentiary for a term of one year.

Appellant complains at the court's action in refusing to
permit him to prove that a verdict of not guilty had been
rendered against him in two other liquor cases wherein ap-
pellant claims the State had shown that he had been pre-
viously indicted. In other words, it was appellant's contention
as manifested by his bills of exception that as the State had
shown that he had been indicted for other offenses it was his
right to show that he had been acquitted therein. The diffi-

culty about appellant's contention is that the court qualifies his bills by stating that the testimony concerning the other offenses was elicited by defendant and not by the State and that the trial and its results were not a part of the transaction in this case, but was an event happening subsequent to the offense for which he was being tried. These bills as qualified by the court fail to show any error.

By another bill of exceptions, appellant complains because the court refused to instruct the jury that if they believed the intoxicating liquor found on the premises of the defendant on or about the date alleged in the indictment had been in the possession of defendant for two years or longer prior to said date alleged in the indictment or if the jury had a reasonable doubt about the same, to acquit the defendant. The appellant while testifying in his own behalf stated that the only explanation he could give for the presence of the liquor in the barn was the fact that it may have been left there some two years before when he admits that he had handled liquor but that he had paid the penalty for that offense in the Federal Court. On this testimony appellant contends that the charge above mentioned should have been given. We cannot agree with this contention. The question of how long appellant had had the liquor in his possession was not material if the jury believed that on or about the time alleged in the indictment he had it for the purpose of sale. In fact, we think there was but one contested issue in the case and that was did appellant have the liquor for the purpose of sale  His possession of it was undisputed. The question as to his purpose in having it was fairly submitted to the jury by the court in his main charge. The jury was affirmatively told that if they should find that the defendant had in his possession the whiskey in question, but should further find that same was not had for the purpose of sale, or if the jury had a reasonable doubt thereof, to acquit the defendant. This charge, we think covered every right that appellant had with respect to his purpose in having the whiskey in his possession.

We regret that we cannot agree with appellant's contention with respect to his plea of former jeopardy. The bill of exceptions presenting this matter is qualified by the learned trial judge to the effect that each of the former prosecutions were for the sale of liquor, none of which was the three bottles of whiskey found in the defendant's trunk. This case was predicated on the possession of three bottles found in appellant's

trunk. Under the explanation of the trial court the bill of exceptions shows no error.

We have examined the statement of facts and are convinced that the verdict of the jury is amply supported by the testimony, and finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BERRY, JUDGE.—Appellant in his motion for rehearing claims that we erred in the second paragraph of the opinion in accepting the court's qualification of the bill there discussed because appellant claims that the qualification of the trial court is not supported by the facts. Appellant concedes that the trial court qualified the bill as stated by us but submits the proposition that "statements in the qualification to a bill of exceptions by the trial judge will not be considered where same are not borne out by the record." "We are not required to consult the Statement of Facts to verify the judge's statement." Burt v. State, 40 S. W. 1002, 38 Tex. Crim. Rep. 436.

Mr. Branch states the rule correctly as follows: "If the bill of exceptions is modified or changed by the trial judge, and a revision of his action in this regard is desired, defendant should object to the change and reserve his bill to the alteration of the bill as prepared by him." Blain v. State, 34 Tex. Crim. Rep. 450, 31 S. W. 368; Slatter v. State, 61 Tex. Crim. Rep. 245, 136 S. W. 770; Johnson v. State, 61 Tex. Crim. Rep. 635, 136 S. W. 254; Perry v. State, 155 S. W. 263. See 215 Branch's Annotated Texas Penal Code. No exception was reserved to the court's qualification of the bill.

We also think the other questions raised by appellant were correctly solved in the original opinion.

Appellant's motion for a rehearing is accordingly overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.