GUY TINKER V. THE STATE.

No. 18106. Delivered April 8, 1936.

The opinion states the case.

*Hiram G. Brown,* of Mt. Pleasant, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of robbery, and his punishment was assessed at confinement in the state penitentiary for a term of five years.

The testimony adduced by the State shows that about two p. m. on September 17, 1934, two men in a roadster drove up to the place of business of Mrs. Charlie Capehart in the town of Mt. Pleasant and robbed her of over seventy-five ($75.00) dollars; that after the robbers had obtained her money and while they were attempting to leave in the car, she, Mrs. Capehart, ran to their car and twisted the license plate from it and ran into her house with it. She immediately notified the officers who, late that same evening, brought appellant in her presence for the purpose of having her identify him, but at that time she was not positive that he was one of the two men who robbed her. However, the next day and at the trial she did identify appellant and did not waiver in her identification of appellant under the searching cross-examination of his attorney. Appellant relied on his plea of alibi which he supported by his own testimony and that of a number of witnesses.

Appellant by a number of bills of exception complains of the closing argument of the district attorney to the jury in which he made the following statements: "Preacher Barker swears in every case he can get a chance and always for the defense." The bill of exception shows that Preacher Barker testified to an alibi for appellant. The objection to this argument was that there was no testimony that Barker testified in every case and always for the defendant. The next argument complained of is as follows: "Mrs. Capehart sat right here, and identified Bun Pruitt, in his trial at last court, as one of the robbers and he is now in the penitentiary. Mrs. Capehart didn't lie about Bun Pruitt and a jury believed her in his case and sent him to the penitentiary. Why, can't you believe her

now?" This argument was objected to as not being based upon any testimony. The next argument complained of is as follows: "Upon whose testimony was Bun Pruitt convicted? Upon Mrs. Capehart's testimony." This argument was objected to as not having any basis therefor in the testimony. Other improper remarks, to which timely objections were made, we do not deem necessary to here set out. The court declined to stop the district attorney and admonish him to confine himself to the record, but at the close of the argument instructed the jury not to consider the same for any purpose. The record fails to show that there was any testimony that Bun Pruitt was convicted and was in the penitentiary, or that he was convicted upon Mrs. Capehart's testimony alone, or that her testimony was the same on the trial of this case as on the trial of Bun Pruitt, or that the jury believed her testimony given at the trial of Bun Pruitt. If the prosecuting attorneys are privileged in their argument to the jury to get out of the record, go far afield, make statements of facts which are not admissible under the rules of evidence and which could not legally be proven, they might convict persons accused of a violation of a law without any testimony. We think that the argument complained of was neither justified nor was it a reasonable and logical deduction from testimony admitted under the ruling of the court. That it was hurtful and prejudicial is obvious. We are of the opinion that its prejudicial effect could not be withdrawn from the minds of the jury by a simple instruction from the court not to consider it. The practice of prosecuting attorneys in their closing argument to state facts within their own knowledge, without being sworn and without taking the witness stand, has been condemned by this court so frequently that it would seem that they would refrain from doing so. In view of the improper argument we do not feel that we would be justified in holding the same is harmless and affirming the judgment. See Fuller v. State, 30 Texas App., 565; Bearden v. State, 46 Texas Crim. Rep., 147; McKinley v. State, 52 Texas Crim. Rep., 182; Davis v. State, 54 Texas Crim. Rep., 248; Rodriguez v. State, 58 Texas Crim. Rep., 277-278; Johnson v. State, 148 S. W., 328; Daniels v. State, 160 S. W., 708; Liner v. State, 156 S. W., 211; and many other cases might be cited.

There are a number of exceptions to the court's charge but we do not believe that the exceptions to same are well taken. However, the court on another trial in his second paragraph on the law of alibi might amend the same so as to read: "or if the evidence raises in your mind a reasonable doubt as to the

presence of the defendant at the time and place of the commission of the alleged offense, if committed, then you will find the defendant not guilty." All other matters complained of will not likely arise again on another trial and therefore need not be discussed.

For the error herein above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.