# MAY 30, 1945

## FRANK CRUTCHFIELD v. THE STATE.

No. 23134. Delivered May 30, 1945.

The opinion states the case.

*Tom M. Miller*, of Graham, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of driving a motor vehicle upon a public highway while intoxicated, and his punishment was assessed at a fine of $100.00.

The record is before us with the statement of facts incorporated in the transcript, which is contrary to Article 760, Sec. 2, C. C. P., which provides as follows:

"The Statement of Facts in felony or misdemeanor cases shall not be copied in The Transcript of the Clerk, but when agreed to by the parties and approved by the Judge, shall be filed in duplicate with the Clerk, and the original sent up as a part of the record of the cause on appeal; and like procedure shall be followed if the Statement of Facts is prepared by the parties or by the Judge, on the failure of the parties to agree." (Vernon's Ann. Tex. C. C. P., Vol. 3, 1944 Pocket Part.)

Consequently, we would not be required to consider the statement of facts appearing in the transcript in the present case. However, we have read it and deem the State's evidence sufficient to justify and sustain the conviction.

Appellant brings forward one bill of exception in which he complains of the action of the trial court in permitting the District Attorney to recall appellant for further cross-examination and on such cross-examination to ask him if he had not been convicted in Wichita County in the year 1939 or 1940 for driving an automobile on a public highway while intoxicated, to which he objected on the ground that it was too remote and showed an extraneous offense for which he was not being tried. The court overruled the objection and appellant made the following reply to the question:

"I plead guilty to a charge of operating a motor vehicle while intoxicated in 1939 or 1940; I do not remember, I believe it was in 1939."

Appellant again objected on the ground that he had not placed his reputation in issue and that this was an attempt to put his reputation in issue. The court overruled the objection and appellant excepted. This testimony was admissible on the issue of appellant's credibility as a witness. See Brown v. State, 158 S. W. (2d) 1018; Gill v. State, 181 S. W. (2d) 276, and cases cited. In 1939 and 1940, the driving of an automobile upon a public highway while intoxicated was a felony under Article 802, P. C., and hence the testimony as to appellant's conviction of that offense at that time was admissible as affecting his credibility as a witness in the present instance.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.