## Leon Polk v. State.

No. 24310.   March 23, 1949.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

HAWKINS, Presiding Judge.

It was charged by complaint and information that appellant, while under the influence of intoxicating liquor, drove and operated a motor vehicle upon a public road in Gregg County, Texas. Upon a trial before a jury appellant was convicted and fined $50.00 and given 60 days in jail.

The statement of facts is copied in the transcript. Our state's attorney points out that it may not be considered.

Prior to the Act of the Legislature in 1931, the statute, Art. 760, subdivision 2, read as follows:

"The statement of facts in felony cases shall not be copied in the transcript of the clerk, but * * * shall be filed in duplicate with the clerk, and the original sent up as part of the record in the cause on appeal * * * On an appeal from a conviction of *misdemeanor, the statement of facts shall be copied in the transcript."* (Italics ours.)

It was the holding of the court under the statute that if the statement of facts in a felony case was copied in the transcript, it would be disregarded, or stricken out on motion. See 4 Tex. Jur. p. 463, sec. 322, and cases cited; Powell, alias Powers v. State, 88 Tex. Cr. R. 655, 228 S. W. 1096, and supporting cases listed. It was held under the said statute that in a misdemeanor case the statement of facts must be copied in the transcript, and if the original was sent up it would not be considered. See 4 Tex. Jur. (supra) ; Lynch v. State, 81 Tex. Cr. R. 64, 193 S. W. 667; Evans v. State, 84 Tex. Cr. R. 577, 209 S. W. 147; Brogdon v. State, 63 Tex. Cr. R. 475, 140 S. W. 352.

In 1931, Acts of 42nd Legislature, R. S. p. 12, Art. 760, C. C. P., was amended, and now reads:

"The statement of facts in felony *or misdemeanor cases shall not be copied in the transcript* of the clerk, but * * * shall be filed in duplicate with the clerk, and the original sent up as a part of the record of the cause on appeal * * *" (Italics ours.)

It will be noted that the provisions of the amended act, as it relates to misdemeanor cases, is precisely contra to Article 760, as it was before the amendment. It follows that the statement of facts as here found in the transcript may not be considered. See Crutchfield v. State, 148 Tex. Cr. R. 399, 187 S. W. (2d) 911.

The only question which may be reviewed is presented in Bill of Exception No. 1. It recites that in his argument state's counsel said:

"That you can find defendant not guilty, but if you do, then you call the State Highway Patrolmen liars and crooks, and then there is no *use bring* them up here to testify before you."

There is no recital in the bill that said patrolmen had testified in the case but from the language used, we may assume that they did. Objection to the argument was that it "was highly inflammable, prejudicial and not invited by the argument of counsel for the defendant nor justified by the facts of the case." It will be observed that the bill contains no certificate that the argument was not invited, nor justified by the facts. That is stated only as a ground of objection which is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. See Branch's Ann. Tex. P. C., p. 134, sec. 209, with authorities. The language objected to may not have been a very cogent argument, but we cannot say from the bill itself that it was so highly inflammatory or prejudicial as to call for a reversal.

The judgment is affirmed.