### TOM EVANS v. THE STATE.

#### No. 5290. Decided February 12, 1919.

**1.—Theft—Statement of Facts—Practice on Appeal.**

Where it appeared in. the record upon appeal that the defendant was deprived of a statement of facts, not through his own fault or negligence, but that of the officers of the court, the judgment is reversed and the cause remanded.

**2.—Same—Transcript—Statement of Facts.**

Under the law a statement of facts in the County Court must be filed before the transcript is made up, and must be embodied in the transcript as part of it, otherwise it will not be considered by this court.

**3.—Same—Admonition to Officers of Trial Court.**

The attention of officers of trial. courts is again called to the necessity that matters occurring in preparing papers and transcripts for this court should be governed by the procedure and practice as prescribed by statute.

Appeal from the County Court of Kaufman. Tried below before the Hon. J. P. Coon.

Appeal from a conviction of theft under the value of fifty dollars; penalty, a fine of one dollar and one minute confinement in the county jail.

The opinion states the case.

*Huffmaster & Huffmaster,* for appellant.—On question of preparing statement of facts: Mayo v. Coldman, 44 Texas Civ. App., 80.

.*E. A. Berry,* Assistant Attorney General, for the State

DAVIDSON, PRESIDING JUDGE.—This conviction was for theft of property under the value of $50.

The statement of facts is so presented that it can not be considered, and appellant asks that the case be reversed for want of securing a statement of facts. The affidavit in connection with the question of

diligence in securing the facts may be briefly stated as follows: The court adjourned about the 2nd or 3rd of April. An order was entered allowing twenty days in which to prepare and file statement of facts. Within five or six days after adjournment the statement of facts was drawn up by the defendant's attorney and presented to the county attorney, who refused to agree. It was then carried to the county judge, who promised that the statement of facts would be prepared in time. Efforts were made by counsel to have the evidence properly filed, but without success. Promises of the county judge it seems continued for about ninety days, after which time he refused to file same; at least such is the intimation in the affidavit. There was no statement of facts filed prior to the time the record was made up and filed in this court, which occurred on the 16th day of December, 1918. The affidavit made by counsel, showing his failure to get a statement of facts, that it was through no negligence on his part, was filed in this court on the 22nd day of January, 1919. A statement of facts was then prepared and filed in this court, but not in the County Court, on the 3rd day of February, 1919. Under the law this statement of facts should have been filed before the transcript was made up and embodied in the transcript as part of it. This evidence could not be considered because not part of the transcript and it is sent up long after the transcript was filed in this court. It is not even filed in the trial court. This is an original statement of facts. As we understand the statute, in any case a statement of facts must be prepared within ninety days, and if that is not done same must be filed before the transcript is filed in this court, and in misdemeanor cases the evidence must be incorporated in the transcript, and can not be sent up as in felony cases as an independent paper.

We desire again to call attention of the trial courts and counsel that matters occurring in preparing papers and transcripts that come to this court for its inspection and review, should be governed by the procedure and practice as by statute prescribed. Slight attention to the preparation of the necessary papers of a transcript would avoid such troubles, and we express the hope that parties concerned, both court and attorneys, will see promptly that all necessary papers relied upon in this court are prepared in accordance with the statute and filed within reasonable time. It ought not to be necessary for this court to be called on to pass on questions of this character.

Viewing this matter from the standpoint of the showing, we are of opinion that appellant should have the judgment reversed for want of obtaining a statement of facts, and it is accordingly so ordered.

*Reversed and remanded.*