Earle Adams, Jr., of Houston, Jno. H. Underwood, of West Columbia, and Rucks & Enlow, of Angleton, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The state's testimony. is, in substance, as follows: Clark Woodson borrowed an automobile, and, while riding together with Irvin Epps and Bob Donnerly, the car was stopped by officers. Upon searching, the officers found in the car a gallon of whisky. Epps and Donnerly were arrested at the time. The appellant fled, but voluntarily surrendered the next day. The state used Epps as a witness, and in his testimony he claimed that, while driving around in the car, they met another automobile. The two cars stopped after passing each other. The appellant went back, got the whisky, and put it in the car which he had borrowed and in which the three were riding.

The appellant testified that he borrowed the car, but that, at the solicitation of Epps and Donnerly, he started to a gathering; that on the way they stopped at a place called Sandy Point, where the party remained for a short time. Epps separated from the others, and upon his return reported that the gathering would not take place on account of wet weather. On their way back to town, Epps invited the party to take a drink, and said that he had some whisky in the back of the car. The appellant claimed that he declined to drink and had no knowledge before that time that there was whisky in the car; that he had nothing to do with it. Soon thereafter, while they were near a railroad track, somebody "hollered," "Hold up!" and commenced shooting; that the appellant became frightened and fled.

■■ The state introduced the testimony of the witness Epps to the effect that after the three were arrested, and, while in jail, the appellant said that Donnerly helped pay for the whisky, and that Donnerly replied that he did not help pay for it, but that the appellant paid for it himself. Appropriate objection was made to the testimony. The declaration of Epps was hearsay, and that of the appellant was not provable against him because he was under arrest. The objection should have been sustained. Each of the declarations was hurtful to the appellant and tended to contradict his defensive theory. This testimony appears to have been introduced to impeach the appellant. Article 727, C. C. P., forbids the receipt in evidence of the declarations of the accused while in custody unless they come within the terms of the statute mentioned. The fact that the declarations were introduced for the purpose of impeaching the accused does not exempt them from the inhibition contained in the confession statute. This has been specifically held in many cases. See Hernan v. State, 42 Tex. Cr. R. 464, 60 S. W. 766; Dover v. State, 81 Tex. Cr. R. 545, 197 S. W. 192; Holmes v. State, 100 Tex. Cr. R. 635, 273 S. W. 849, and many precedents therein collated. See, also, Morales v. State, 36 Tex. Cr. R. 234, 36 S. W. 435, 846, and Brent v. State, 89 Tex. Cr. R. 544, 232 S. W. 845, and other precedents cited in the case last mentioned.

■ Appellant objected to the testimony of the officers who searched the car and found that it contained whisky, basing his objection upon the ground that the officers, according to their testimony, had information in advance of the arrest and sufficient time to procure a search warrant; that, having failed to procure it, the arrest and search were illegal, although there was "probable cause," as that term is defined in the decisions of this court in Odenthal v. State, 290 S. W. 743, and Battle v. State, 105 Tex. Cr. R. 568, 290 S. W. 762, and of the Supreme Court of the United States in Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790. Under the facts proved, the contention is deemed untenable.

For the reason stated, the judgment is reversed, and the cause remanded.

**WILSON v. STATE.** (No. 11965.)

Court of Criminal Appeals of Texas. Feb. 6, 1929.

For former opinions, see 12 S.W.(2d) 570.

LATTIMORE, J. Averring that our opinion overruling his motion for rehearing is in direct conflict with what we said in Evans v. State, 84 Tex. Cr. R. 577, 209 S. W. 147, appellant seeks leave to file a second motion for rehearing. We think the opinions not necessarily in conflict. The statute governing the filing of statement of facts in misdemeanor cases, quoted in our opinion herein, made it obligatory on appellant, as a condition precedent to the requirement that the trial judge himself prepare a statement of facts in a misdemeanor case, that he or his attorney not only must present to such judge, within the time allowed for filing same, a statement of the facts in the case, but such statement of facts must also be accompanied by the certificate of the appellant or his said attorney stating that to the best of his knowledge and belief same is a full and fair statement of all the facts proved on the trial. This is manifestly intended for the aid, guidance, and assistance of the trial judge in the prepa-

ration of a statement of facts in such case. While appellant's attorney now makes oath herein that he did present a statement of facts to the county judge, he does not claim nor show that if he tendered any such statement of facts same contained the certificate legally made necessary in such case. Whether this requirement was complied with in Evans v. State, supra, we can only conjecture from the statement in the opinion therein that "Efforts were made by counsel to have the evidence properly filed, but without success." We regret that we cannot give appellant the leave asked, nor grant his motion on the ground set up.

The application is denied.